UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICENTE BIVIAS TORRES (A-Number: 246-308-869),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY DETENTION FACILITY,<br><br>Respondent. | Case No. 1:26-cv-04689-DC-JDP (HC)<br><br><u>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS</u><br><br>(ECF Nos. 8, 9) |

Petitioner, an immigration detainee proceeding pro se, has filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On July 17, 2026, the magistrate judge filed findings and recommendations herein, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 9.) On July 24, 2026, Respondent filed objections to the findings and recommendations, merely stating that Respondent objects "for the reasons stated in its motion to dismiss." (ECF No. 10.) However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously

released on bond or conditional parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 818 F. Supp. 3d 1141 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 815 F. Supp. 3d 1113 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim). Thus, Respondent's objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed July 17, 2026 (ECF No. 9), are ADOPTED;
2. Petitioner Vicente Bivias Torres's (A-Number: 246-308-869) petition for writ of habeas corpus (ECF No. 1) is GRANTED;
3. Respondent is ordered to IMMEDIATELY RELEASE Petitioner from its custody on the same conditions as his prior release. Respondent shall not impose any additional restrictions on Petitioner upon his release, unless that is determined to be necessary at a future pre-deprivation hearing;
4. If the government seeks to re-detain Petitioner, it must provide no less than seven days' notice to Petitioner and must hold a constitutionally compliant pre-deprivation bond hearing before a neutral arbiter at which the government bears the burden of proving flight risk or danger by clear and convincing evidence;

5. This order does not address the circumstances in which Respondent may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;
6. Respondent's motion to dismiss (ECF No. 8) is DENIED;
7. The Clerk of the Court is directed to serve California City Detention Facility with a copy of this order; and
8. The Clerk of the Court is ordered to enter judgment accordingly and close this case.

IT IS SO ORDERED.

Dated: **July 28, 2026**

Dena Coggins
United States District Judge